**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STEPHEN LAROQUE, ANTHONY CUOMO, JOHN NIX, KLAY NORTHRUP, LEE RAYNOR, and KINSTON CITIZENS FOR NON-PARTISAN VOTING,

Plaintiffs,

v.

ERIC H. HOLDER, JR.
ATTORNEY GENERAL OF THE UNITED STATES

Defendant.

Civ. No.: 1:10-CV-00561-JDB

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO INTERVENE AS DEFENDANTS BY JOSEPH M. TYSON, W.J. BEST, SR., A. OFFORD CARMICHAEL, JR., GEORGE GRAHAM, JULIAN PRIDGEN, WILLIAM A. COOKE, AND THE NORTH CAROLINA STATE CONFERENCE OF BRANCHES OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**

## INTRODUCTION

Joseph M. Tyson, W.J. Best, Sr., A. Offord Carmichael, Jr., George Graham, Julian Pridgen, William A. Cooke, and North Carolina State Conference of Branches of the National Association for the Advancement of Colored People (collectively, "Applicants") seek to intervene in this action, in order to defend the constitutionality of Section 5 of the Voting Rights Act. Applicants are residents and registered voters in Kinston, North Carolina, along with the North Carolina Conference of Branches of the NAACP, a non-profit organization. Applicants seek to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a), or in the alternative, to intervene permissively under Rule 24(b). As explained below, Applicants do not meet the criteria for either intervention as of right or permissive intervention.

Permitting Applicants to participate with party status in this litigation threatens to sidetrack the litigation by introducing time-consuming and needless fact discovery—including discovery of the intervenors and their purported interests in this matter—as well as a multiplication of legal issues. For this reason, Plaintiffs submit that Applicants' motion to intervene should be denied and their participation limited to serving as *amicus curiae*. In the alternative, if this Court grants Applicants' motion to intervene, Plaintiffs submit that it should exercise its discretion and limit Applicants' participation to legal briefing on the merits of the constitutionality of Section 5, without the right to engage in any fact discovery or to submit a brief on non-merits issues (such as their duplicative motion to dismiss on justiciability grounds).

## ARGUMENT

As the Attorney General himself acknowledges, *see* Attorney General's Response at 4, the Applicants have failed to establish that the Attorney General would inadequately represent their interests in defending Section 5 here. Moreover, permitting additional parties will simply inject extraneous and duplicative matters into the case, thus unnecessarily and unduly prejudicing the original parties and delaying resolution of their rights.

## I. APPLICANTS DO NOT MEET THE REQUIREMENTS OF RULE 24(A)(2)

Applicants claim they can intervene as of right under Federal Rule of Civil Procedure 24(a)(2). Qualification for intervention as of right depends on the following four elements:

> (1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties.

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003); *Jones v. Prince George's County*, 348 F.3d 1014, 1017 (D.C. Cir. 2003). "It is well settled that a prospective intervenor has the burden of establishing [each of those] four requirements in order to obtain intervention as of right." *Schultz v. Connery*, 863 F.2d 551, 555 (7th Cir. 1988); *see also Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003).

Assuming *arguendo* that Applicants even possess a legally protectable interest in this case, they cannot demonstrate that the Attorney General does not adequately represent that interest. The Attorney General is presumed to adequately represent Applicants' asserted interest in defending the constitutionality of Section 5. In particular, although a movant's burden of showing that representation is inadequate is normally minimal, *see Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972), that is not the case "where the government is the named party," for in such cases, "representation is presumed adequate, and the movant must demonstrate the existence of 'special circumstances'" in order to intervene. *Sweet Home Chapter v. Lujan*, 1991 WL 277331, *2 (D.D.C. 1991) (holding that the very rare cases in which a member of the public is allowed to intervene in an action in which the United States, or some other governmental agency, represents the pubic interest are cases in which a very strong showing of inadequate representation has been made.).

Generally, under the *parens patriae* doctrine, when the government is a party to a suit involving a matter of sovereign interest, it is presumed to represent the interest of all its citizens. *Environmental Defense Fund v. Higginson*, 631 F.2d 738, 740 (D.C. Cir. 1979). More specifically, the D.C. Circuit has said that, when the Department of Justice defends a suit under Section 5 of the Voting Rights Act, it is

"acting on behalf of those whose rights are affected." *Donnell v. U.S.*, 682 F.2d 240, 246-47 (D.C. Cir. 1982) ("Congress assigned to the Attorney General the primary role in vindicating the public interest under the Act. We should be reluctant indeed to permit intervention . . . in the absence of a plausible claim that the Attorney General is not adequately performing his statutory function, and that intervention is needed to enable the court properly to perform its declaratory function or in some other way to protect the public interest.") (quoting *Apache County v. United States*, 256 F. Supp. 903 (D.D.C. 1966) (three-judge court)). In order to overcome this presumption, Applicants must establish some particularized interest that is not "subsumed within the shared interest of citizens" represented by the Attorney General. *Dimond v. District of Columbia*, 792 F.2d 179, 193 (D.C. Cir. 1986) (permitting intervention by an insurance company in litigation over a no-fault insurance statute where the insurance company's financial interests conflicted with the interests of the District of Columbia).

Moreover, the Attorney General's initial filing in the case makes clear that he is committed to vigorously defending the constitutionality of Section 5. And even though a "partial congruence of interests" may not guarantee adequacy of representation, *see Fund for Animals*, 322 F.3d at 737, here there is complete congruence. Indeed, Applicants attached a proposed Motion to Dismiss with their Motion to Intervene that has the same primary legal arguments as the Attorney General's earlier-filed Motion to Dismiss.

Not only do Applicants fail to establish any sort of divergence in their interests with the Attorney General, the Attorney General is the very governmental agency that Applicants argue is best situated to protect their voting rights through the Section 5 preclearance process. *Cf. Little Rock Sch. Dist. V. N. Little Rock Sch. Dist.*, 378 F2d 774, 780-81 (8th Cir. 2004) (denying intervention by voters where "the state directly represented the [group's] asserted interest by seeking to proceed with the election pursued by the citizens under state law and by specifically adopting the positions advanced by the [group]"). In this case, Applicants and the Attorney General share the same goal—defending the constitutionality of Section 5. And flagging potential disagreements with "the litigation strategy or objectives of the party

representing its interests" is not sufficient to establish an adversity of interests or inadequate representation. *See id.* at 780.

Here, Applicants have offered nothing but vague speculation about possible divergence of interests. Applicants suggest that they "*may* not be adequately represented by the Defendant in light of the nature of the complaint in this action," because the Attorney General is "bound by institutional constraints that are likely to direct its strategy in litigation, including the arguments proffered or the type of evidence presented." Motion at 5. But there are no "institutional constraints"—and Applicants identify none—that render the Attorney General a less-than-effective defender of Section 5's constitutionality. The Attorney General is, of course, obligated to defend the constitutionality of federal statutes. *See The Attorney General's Duty to Defend and Enforce Constitutionally Objectionable Legislation*, 4A Op. Off. Legal Counsel 55, 55 (1980). Indeed, if the Attorney General were to decide not to defend Section 5, he would be required to notify Congress. 28 U.S.C. § 530D (a)(1)(B)(ii).

Accordingly, Applicants' motion for intervention as of right should be denied. If this Court nevertheless determines that intervention as of right is appropriate, then Applicants' participation should be limited to legal briefing addressing only the merits of the constitutionality of Section 5, without the right to engage in any fact discovery or to file their duplicative motion to dismiss on justiciability grounds (or otherwise challenge the justiciability of this action). Plaintiffs submit that this limitation would best serve to avoid undue delay or prejudice to the adjudication of the original parties' rights in this litigation. The Advisory Committee Note to the 1966 Amendment of Rule 24(a) provides for such limitations: "An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." *See also Beauregard, Inc. v. Sword Services, LLC*, 107 F.3d 351 (5th Cir. 1997) ("it is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right.").

## II. PERMISSIVE INTERVENTION SHOULD BE DENIED

Applicants also request permissive intervention under Rule 24(b). Permissive intervention requires the applicant to establish timeliness and that the "applicant's claim or defense and the main

action have a question of law or fact in common." Fed. R. Civ. P. 24(b). A party seeking permissive intervention has the burden to establish the "threshold requirements of (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and, (3) a claim or defense that has a question of law or fact in common with the main action." *Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5, 10 (D.D.C. 2007) (citing Fed. R. Civ. P. 24(b)(1), and *E.E.O.C. v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). Permissive intervention is discretionary, and the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, since Applicants cannot identify any deficiencies in the Attorney General's representation, they are simply proposing to duplicate, in somewhat different words, the Attorney General's efforts to defend the constitutionality of Section 5. This can only increase Plaintiffs' burdens and delay proceedings, without further illuminating the issues presented. The delay or prejudice standard of Rule 24(b)(3) protects against just this type of duplicative and cumulative effort. "The 'delay or prejudice' standard presumably captures all the possible drawbacks of piling on parties; the concomitant issue proliferation and confusion will result in delay as parties and court expend resources trying to overcome the centrifugal forces springing from intervention, and prejudice will take the form not only of extra cost but also of an increased risk of error." *Massachussetts Sch. of Law v. United States*, 118 F.3d 776, 782 (D.C. Cir. 1997) (affirming the district court's denial of a law school's motion to intervene in a government antitrust suit against the ABA).

Applicants broadly claim they will "avoid delays or unnecessary duplication of effort in areas satisfactorily addressed and represented by the existing Defendant, to the extent possible." Motion at 2. But their proposed Motion to Dismiss belies that claim; it largely parrots Defendant's similar motion, and thus will necessitate a duplicative response by Plaintiffs if this Court allows Applicants to file it. More generally, if Applicants take the *same* approach as the Attorney General, this is, inherently, "unnecessary duplication." Conversely, if they take some (unidentified) slightly *different* approach, this will cause "delays" and impose demonstrable burdens on the Plaintiffs. If, as seems clear, Applicants simply want

to file a brief they think is *better* than the Attorney General's on the relevant issues, they can easily do so as an *amicus*.

Accordingly, Applicants' motion for permissive intervention should be denied. In the alternative, if this Court determines that permissive intervention is appropriate, then it should exercise its discretion to limit Applicants' participation in a manner that will ensure timely prosecution of the litigation as well as limited duplication of the efforts of the parties and the Court. When granting a motion for permissive intervention, a court can impose "almost any condition, including the limitation of discovery." *Columbus-America Discovery Group v. Atlantic Mutual Ins. Co.*, 974 F.2d 450, 469 (4th Cir. 1992). *See also Beauregard, Inc. v. Sword Services, LLC*, 107 F.3d 351 (5th Cir. 1997) ("It is undisputed that virtually any condition may be attached to a grant of permissive intervention."). Plaintiffs submit that limiting Applicants to legal briefing on the merits of the constitutionality of Section 5, in the manner discussed above, would best serve to avoid any unduly delay or prejudice to the adjudication of the original parties' rights in this litigation.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Applicants' Motion to Intervene, or, in the alternative, limit Applicants' participation to legal briefing on the merits of the constitutionality of Section 5.

July 26, 2010

Respectfully submitted,

*/s/ Michael E. Rosman*_____________________

Michael E. Rosman (D.C. Bar No. 454002)
Michelle A. Scott (D.C. Bar No. 489097)
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington D.C. 20036
(202) 833-8400

Michael A. Carvin (D.C. Bar No. 366784)
Noel J. Francisco (D.C. Bar No. 464752)
Hashim M. Mooppan (D.C. Bar No. 981758)
David J. Strandness (D.C. Bar No. 987194)
JONES DAY
51 Louisiana Ave. NW
Washington D.C. 20001
(202) 879-3939

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 26, 2010, I served a true and correct copy of the foregoing via this Court's ECF system, to the following individuals:

Richard Dellheim
Ernest A. McFarland
Jared M. Slade
Justin S. Weinstein-Tull
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington D.C. 20530
(202) 305-1734

Joseph Gerald Hebert
191 Somervelle Street, #405
Alexandria, VA 22304
(703) 628-4673

Arthur B. Spitzer
American Civil Liberties Union
1400 20th Street, NW
Suite 119
Washington, D.C. 20036
(202) 457-0800

Meredith E.B. Bell-Platts
American Civil Liberties Union
230 Peachtree Street, NW
Suite 1440
Atlanta, GA 30303
(404) 523-2721

*_/s/ Michael E. Rosman_*
Michael E. Rosman (D.C. Bar No. 454002)
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington D.C. 20036
(202) 833-8400

*Attorney for Plaintiffs*