IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
No. 1:10-CV-00561-JDB

| | |
|---|---|
| _____ ) | |
| ) | |
| STEPHEN LAROQUE, ANTHONY ) | |
| CUOMO, JOHN NIX, KLAY ) | |
| NORTHROP, LEE RAYNOR, and ) | |
| KINSTON CITIZENS FOR NON- ) | |
| PARTISAN VOTING, ) | |
|      *Plaintiff*s,      ) | Civil Action No.: |
| ) | 1:10-CV-561-JDB |
|      *v.*      ) | |
| ) | |
| ERIC HOLDER, JR. ) | |
| ATTORNEY GENERAL OF THE ) | |
| UNITED STATES, ) | |
| ) | |
|      *Defendant.*      ) | |
| ) | |
|      *and*      ) | |
| ) | |
| JOSEPH M. TYSON, et al., ) | |
| ) | |
|      *Defendant-Intervenors*      ) | |
| _____ ) | |

### DEFENDANT-INTERVENORS' RENEWED MOTION TO DISMISS

Defendant-Intervenors Joseph M. Tyson, W.J. Best, Sr., A. Offord Carmichael, Jr.,

George Graham, Julian Pridgen, William A. Cooke and the North Carolina State

Conference of Branches of the National Association for the Advancement of Colored People

respectfully renew their motion to this Court to dismiss the second count of Plaintiffs'

complaint because Plaintiffs lack standing to bring that particular challenge.

The grounds for the motion are more fully set forth in memorandum of law filed

today with this motion in accordance with Local Rule 7.1(a).  Additionally, a proposed order

pursuant to Local Rule 7.1(c) is attached.

WHEREFORE, Defendant-Intervenors respectfully request that their motion to dismiss be granted.

This 1st day of August, 2011.

Respectfully submitted,

_____/s/ J. Gerald Hebert_____
J. Gerald Hebert
D.C. Bar #447676
Attorney at Law
191 Somerville Street, #405
Alexandria, VA 22304
Telephone: 703-628-4673
E-mail: hebert@voterlaw.com

Anita S. Earls
D.C. Bar #473453
N.C. Bar #15597
Allison J. Riggs
N.C. Bar #40028
Southern Coalition for Social Justice
115 Market Street, Ste. 470
Durham, North Carolina 27701
Telephone: 919-323-3380 ext. 115
Facsimile: 919-323-3942
E-mail: anita@southerncoalition.org
        allison@southerncoalition.org

Laughlin McDonald
American Civil Liberties Union
    Foundations, Inc.
230 Peachtree Street, NW
Suite 1440
Atlanta, GA 30303-1227
Telephone: 404-523-2721
Facsimile: 404-653-0331
E-mail:  lmcdonald@aclu.org

Arthur Barry Spitzer
American Civil Liberties Union
1400 20th Street, NW, Ste. 119
Washington, D.C. 20036
Telephone: 202-457-0800 x113

Email: artspitzer@aol.com

Attorneys for Defendant-Intervenors

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
No. 1:10-CV-00561-JDB

| | | |
|---|---|---|
| _____ )<br><br>STEPHEN LAROQUE, ANTHONY )<br>CUOMO, JOHN NIX, KLAY )<br>NORTHROP, LEE RAYNOR, and )<br>KINSTON CITIZENS FOR NON- )<br>PARTISAN VOTING, )<br>                 *Plaintiffs,* )<br> )<br>        *v.* )<br> )<br>ERIC HOLDER, JR. )<br>ATTORNEY GENERAL OF THE )<br>UNITED STATES, )<br> )<br>             *Defendant.* )<br> )<br>       *and* )<br> )<br>JOSEPH M. TYSON, et al., )<br> )<br>    *Defendant-Intervenors* )<br>_____ ) | Civil Action No.:<br>1:10-CV-561-JDB | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT-INTERVENORS' RENEWED MOTION TO DISMISS**

Defendant-Intervenors Joseph M. Tyson, W.J. Best, Sr., A. Offord Carmichael, Jr.,

George Graham, Julian Pridgen, William A. Cooke and the North Carolina State

Conference of Branches of the National Association for the Advancement of Colored People

respectfully renew their motion to this Court to dismiss the second count of Plaintiffs'

complaint because Plaintiffs lack standing and a cause of action to bring that particular

challenge.  In support of their Motion, Defendant-Intervenors submit this Memorandum of

Points and Authorities in Support of Defendant-Intervenors' Renewed Motion to Dismiss.

I.    Introduction

In 2010, Plaintiffs, including a prospective candidate for public office, filed a lawsuit

challenging the constitutionality of Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c,

after the Attorney General, under his authority under Section 5, interposed an objection to

a proposed shift to non-partisan elections in the city of Kinston, North Carolina.  In their

complaint, Plaintiffs alleged that Section 5, as reauthorized and extended in 2006, exceeded

Congress' enforcement authority under the Fourteenth and Fifteenth Amendments.

Secondly, Plaintiffs contend that the Amendments to Section 5 of the Voting Rights Act

that Congress passed in 2006 create a facially unconstitutional racial quota system.

The second count of the complaint was directed toward subsections (b)-(d), which

Congress added to Section 5 in response to two recent Supreme Court decisions: *Georgia v.*

*Ashcroft*, 539 U.S. 461, 480 (2003), and *Reno v. Bossier Parish School Board*, 528 U.S. 320

(2000).  Subsections (b) and (d) essentially correct *Georgia v. Ashcroft*, which held that

when determining whether a submitted change has a retrogressive effect, reviewing

authorities should take into account whether the change provides minorities the ability to

"influence" the election of candidates "sympathetic to the interests of minority voters."

*Ashcroft*, 539 U.S. at 480-85.  The practical impact of this ruling, in essence, allowed

jurisdictions to trade majority-minority districts for influence districts in redistricting plans

without running afoul of the Section 5 prohibition on retrogressive voting changes.  The

amendments in subsections (b) and (d) clarify that the Section 5 retrogression inquiry

should focus on whether the change "has the purpose of or will have the effect of

diminishing the ability of any citizens of the United States on the account of race or

color…to elect their preferred candidates of choice."  42 U.S.C. §§ 1973c(b) and (d).

The other amendment in subsection (c) corrects the Supreme Court's holding in

*Bossier* that Section 5 does not "prohibit preclearance of a redistricting plan enacted with a

discriminatory but nonretrogressive purpose." *Bossier Parish*, 528 U.S. at 341.  Congress

clarified that the term "purpose" as used in subsection (c) means "any discriminatory

purpose."  42 U.S.C. § 1973c(c).  Plaintiffs claimed that the two  amendments create a "floor

for minority success in all covered jurisdictions" and constitute an "implicit command for

covered jurisdictions to engage in race-based voting practices and procedures."  Compl. ¶¶

25-26.

This Court dismissed both counts for lack of standing and a cause of action.  On

appeal, the United States Court of Appeals for the District of Columbia Circuit concluded

that one of the Plaintiffs, Nix, had both standing and a cause of action to bring the first

count, but that court reversed and remanded for further consideration the question of

standing to bring the second count.  Further briefing on and consideration of the motion to

dismiss the second count of Plaintiffs' complaint, consistent with direction from the Court of

Appeals, should direct this Court to grant the motion to dismiss the second count of the

complaint.

## II.      Argument

Plaintiffs do not have Article III standing to bring the second count of their

complaint, an equal protection challenge to the 2006 amendments to Section 5 of the Voting

Rights Act.  In order to establish particularized injury in fact sufficient to Establish Article

III standing, Plaintiffs must show that they suffered an "injury that is (i) concrete,

particularized, and actual or imminent, (ii) fairly traceable to the challenged action, and

(iii) redressable by a favorable ruling." *Monsanto v. Geertson Seed Farms*, 130 S. Ct. 2743,

2752 (2010).  Plaintiffs' attempt to establish standing to challenge the 2006 amendments to

Section 5 under the Equal Protection guarantees of the Fifth and Fourteenth Amendments

fails for lack of causation and redressability.

Plaintiffs have failed to establish that the 2006 Amendments to Section 5 were the cause of any injury they received.  The Attorney General's letter objecting to the proposed change to non-partisan elections is clearly not premised on either of the 2006 amendments to Section 5.  *See* Letter from Loretta King, Acting Assistant Attorney General, Civil Rights Division, U.S. Dep't of Justice, to James P. Cauley III, Kinston City Attorney (Aug. 17, 2009), http://www.justice.gov/crt/voting/sec_5/pdfs/1_081709.pdf (last visited Aug. 18, 2010) (Plaintiffs' Exhibit E).  The Attorney General makes no findings that a non-retrogressive but otherwise discriminatory intent motivated the proposed change.  Instead, the objection notes quite plainly that the effect of the proposed change would be retrogressive, concluding that the city had not "sustained its burden of showing that the proposed changes do not have a retrogressive effect."  *Id.* at 1.  The objection was also not based on subsections (b) and (d) because the proposed change is not a single-member districting plan.

Only Kinston and its officials, not plaintiffs, are authorized to submit electoral changes for preclearance under Section 5.  *See* 42 U.S.C. § 1973c(a); 28 C.F.R. § 51.23. Kinston has declined to seek reconsideration from the Department of Justice or to seek judicial preclearance of the objected to change, nor is there any authority for the proposition that the court can order Kinston to pursue either of these remedies.  Thus, even if the 2006 amendments to Section 5 were struck down as unconstitutional, Section 5 itself would still remain in force and effect, and there would be no remedy for the alleged violation.  Under the circumstances, Plaintiffs fail to satisfy the redressability requirements of Article III standing with respect to count two.  And as the Court held in *Lujan v. Defenders of Wild Life,*  504 U.S. 555, 562 (1992), "when the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily substantially more difficult to establish." (internal quotation marks omitted).

Plaintiffs only opportunity to secure redressability would be if the Court were to decide that it is inappropriate to sever the allegedly defective amendments from the rest of the statutory scheme.  That is, this Court would have to be willing to invalidate the entire statutory scheme rather than sever the amendments.  This is not a plausible scenario.

Chapter 42, Chapter 20, Subchapter I-A "Enforcement of Voting Rights" contains a separability (severability) clause, which indicates that if any part of the Act [42 U.S.C. §§ 1973 et. seq.] is found unconstitutional, the remainder of the Voting Rights Act of 1965 will not be affected by such determination.  42 U.S.C. § 1973p.  Congress has clearly indicated its intent to keep in place the bulk of the law by authorizing reviewing courts to sever invalid portions.  Moreover, this Court may consider the severability question now, in the context of determining whether Plaintiffs have standing to challenge the amendments.  The United States Supreme Court "has incorporated severability analysis into standing determinations when there was  clear evidence of legislative intent . . . as there is here." *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 801 (8th Cir. 2006) (citing *INS v. Chadha*, 462 U.S. 919, 931 (1983)).  Additionally, "severance of particular statutory provisions to limit standing promotes important goals, notably the avoidance of unnecessary constitutional adjudication and the sharpening of legal issues facing the court."  456 F.3d at 801 (citing *Contractors Ass'n of Eastern Pennsylvania, Inc. v. City of Philadelphia*, 6 F.3d 990, 996-98 (3rd Cir. 1993).

Thus, this Court is authorized to sever subsections (b)-(d) should it find them to be constitutionally defective.  With such severance, a favorable finding of this Court would in no way redress Plaintiffs' injury.  Plaintiffs fail to establish that they meet the redressability requirement that is a part of Article III standing.

Plaintiffs lack standing for the additional reason that they do not claim any personal injury from the 2006 amendments to Section 5.  Instead, their claim is that the

amendments are facially unconstitutional.  As both this court and the court of appeals held, "plaintiffs have . . . made clear that they intend to pursue only their facial challenges. *See Laroque v. Holder*, 755 F.Supp. 2d 156, 162-63 (D.D.C. 2010)." *Laroque v. Holder,* 2011 WL 2652441 \*4 (D.C. Cir. 2011).  Plaintiffs apparently recognize that an as applied challenge would require a review by this court of the Section 5 objection and its impact, something it is precluded from doing. *Morris v. .Gressette*, 432 U.S. 491, 504-05 (1977) ("judicial review of the Attorney General's actions . . . is necessarily precluded"); *City of Rome v. United States*, 450 F.Supp. 378, 380 (D. D.C. 1978) (same); *County Council of Sumter County, S.C. v. United States*, 555 F.Supp. 694, 706 (D. D.C. 1983) (same).  Accordingly, Plaintiffs have not met the requirement that litigants claiming injury from a racial classification establish that they "personally [have been] denied equal treatment by the challenged discriminatory conduct." *United States v. Hays*, 515 U.S. 737, 743–44 (1995) (internal quotation marks omitted).  As the Court held in *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 489-90, n.26 (1982), a plaintiff lacks "standing to challenge every affirmative-action program on the basis of a personal right to a government that does not deny equal protection of the laws."  The Plaintiffs' generalized complaints about the 2006 amendments do not rise to the level of personal injury sufficient to confer standing.

### III.   Conclusion

For all the foregoing reasons, Defendant-Intervenors respectfully request that this Court dismiss the second count of Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing and failure to state a valid cause of action.


This 1st day of August, 2011.

Respectfully submitted,

___/s/ J. Gerald Hebert_____
J. Gerald Hebert
D.C. Bar #447676
Attorney at Law
191 Somerville Street, #405
Alexandria, VA 22304
Telephone: 703-628-4673
E-mail: hebert@voterlaw.com

Anita S. Earls
D.C. Bar #473453
N.C. Bar #15597
Allison J. Riggs
N.C. Bar #40028
Southern Coalition for Social Justice
115 Market Street, Ste. 470
Durham, North Carolina 27701
Telephone: 919-323-3380 ext. 115
Facsimile: 919-323-3942
E-mail: anita@southerncoalition.org
        allison@southerncoalition.org

Laughlin McDonald
American Civil Liberties Union
    Foundations, Inc.
230 Peachtree Street, NW
Suite 1440
Atlanta, GA 30303-1227
Telephone: 404-523-2721
Facsimile: 404-653-0331
E-mail:  lmcdonald@aclu.org

Arthur Barry Spitzer
American Civil Liberties Union
1400 20th Street, NW, Ste. 119
Washington, D.C. 20036
Telephone: 202-457-0800 x113
Email: artspitzer@aol.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that on this day, August 1, 2011, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following:

Michael A. Carvin
D.C. Bar No. 366784
Noel J. Francisco
D.C. Bar No. 464752
Hashim M. Mooppan
D.C. Bar No. 981758
David J. Strandness
D.C. Bar No. 987194
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113

Michael E. Rosman
D.C. Bar No. 454002
Michelle A. Scott
D.C. Bar No. 489097
Center for Individual Rights
1233 20th Street, N.W., Suite 300
Washington, D.C. 20036
        *Counsel for Plaintiffs*

Richard Dellheim (lead counsel)
Attorney, Voting Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
        *Counsel for Defendants*

/s/   J. Gerald Hebert_____
J. Gerald Hebert
*Counsel for Defendant-Intervenors*